# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

VINCENT KREMER,

                    Petitioner,            :     Case No. 1:20-cv-194

      - vs -                            District Judge Michael R. Barrett
                                         Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
  Southern Ohio Correctional Facility,

                                 :
                    Respondent.

---

# REPORT AND RECOMMENDATIONS; DECISION AND ORDER
# DENYING MOTION TO CERTIFY

---

This habeas corpus case, brought by Vincent Kremer with the assistance of counsel, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 10), and the Return of Writ (ECF No. 11).

In her Order for Answer, Magistrate Judge Stephanie Bowman, to whom this case was originally referred[1], set a reply date of twenty-one days after the Return was filed (ECF No. 4, PageID 24). That deadline passed on July 27, 2020. Petitioner has not filed a reply and has neither sought nor received an extension of time to do so.

---

[1] The reference was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District. Decision of the case remains with District Judge Barrett.

**Litigation History**

On March 14, 2016, the Warren County grand jury indicted Kremer on three counts of Aggravated Trafficking in 25C-NBOMe (counts 1-3) and Aggravated Trafficking in Psilocyn Mushrooms (count 4) all in violation of Ohio Rev. Code § 2925.03(A)(1); Aggravated Possession of Psilocyn Mushrooms (count 5), Aggravated Possession of 25C-NBOMe (count 6) and Possession of Clonazepam with a previous conviction of a drug abuse offense (count 7), all in violation of Ohio Rev. Code § 2925.11(A); and Possession of Criminal Tools (count 8) in violation of Ohio Rev. Code § 2923.24(A). (Indictment, Case No. 16CR31735, State Court Record, ECF No. 10, Ex. 1).

While out on bond, Petitioner again sold drugs and was again indicted on August 8, 2016, on counts of Possession of and Trafficking in LSD in violation of Ohio Rev. Code §§ 2925.11, 2925.03(A)(2) (counts 1, 2), Aggravated Possession of DMT and Fluoro-AMB in violation of Ohio Rev. Code § 2925.11(A) (counts 3, 5); Aggravated Trafficking in DMT and Fluoro-AMB in violation of Ohio Rev. Code § 2925.03(A)(2) (counts 4, 6), and Possession of Criminal Tools in violation of Ohio Rev. Code § 2923.24(A) (count 7). He was also indicted for extortion for threatening a witness (count 8). (Indictment, Case No. 16CR32152 State Court Record, ECF No. 10, Ex. 4).

On April 12, 2017, Kremer pleaded guilty to both indictments (State Court Record, ECF No. 10, Change of Plea/Entry, No. 16CR32152, Ex. 6; Entry, No. 16CR31735, Ex. 7). Represented by counsel who continues to represent him in this habeas case, Kremer appealed to the Twelfth District Court of Appeals, pleading the following Assignments of Error:

2

1. Kremer's conviction is contrary to law as the court lacked subject matter jurisdiction to enter a conviction.

2. The trial court's sentence enhancement violated Kremer's constitutional due process rights.

3. The trial court failed to merge, and trial counsel failed to raise and argue that allied offenses must merge under R.C. 2921.45 [sic]

4. The trial court erred by holding Kremer without bail and by not imposing a new bail amount following new criminal charges.

5. The record does not support the sentence.

(Appellant's Brief, State Court Record, ECF No. 10, Ex. 12, PageID 114-16.). The Ohio Court of Appeals reversed Kremer's conviction for possession of Clonezapam, remanded for a determination of merger under Ohio Revised Code § 2941.25 as to some counts, but otherwise affirmed. *State v. Kremer,* 2018-Ohio-3339 (Ohio App. 12th Dist. Aug. 20, 2018).

Kremer sought further review by the Supreme Court of Ohio where he pleaded the following propositions of law:

> **Proposition of Law No. 1**: It is a criminal offense to possess or sell a drug that is placed on the controlled-substances list by the General Assembly under R.C. 2719.41, placed on the permanent federal list by the DEA under R.C.2719.43, or placed on the Ohio list by the Board of Pharmacy after notice and publication under R.C. 3719.44(A)(1).

> **Proposition of Law No. II:** The construction of the possession and trafficking statutes to criminalize a drug listed on the temporary federal schedule and an unlisted drug is void-for-vagueness, fails to afford constitutional notice, and permits arbitrary enforcement.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 10, Ex. 19, PageID 242). The Supreme Court of Ohio, however, declined to accept jurisdiction. *State v. Kremer*, 2019-Ohio-769 (Mar. 6, 2019).

Kremer then filed his Petition in this case, pleading the following grounds for relief:

3

**11. The 25C-NBOMe claim.**

11a. Kremer was indicted, convicted, and sentenced to a 10-year term for possessing and trafficking 25C-NBOMe.

11b. At the time of Kremer's conduct, 25C-NBOMe was not listed on the Ohio or federal controlled substances schedules.

11c. Ohio's possession and trafficking statutes criminalize the possession and sale of substances on the Ohio and federal controlled substances schedules.

11d. On direct appeal, Kremer argued his conviction was unlawful because he was convicted and sentenced to 10-years for a non-offense.

11e. In its response brief, the State conceded that 25C-NBOMe was not listed on the Ohio or federal controlled substances schedules. But it argued Ohio had criminalized 25C-NBOMe when the federal DEA placed 25C-NBOMe on the temporary federal controlled-substances list.

11f. Kremer conceded that 25C-NBOMe was present on the temporary federal-controlled substances list at the time of his conduct.

11g. The legislative notes to R.C. 3719.41 stated that Ohio did not criminalize a controlled substance on the temporary federal controlled-substances list.

11h. In 1976, the Ohio General Assembly enacted R.C. 3719.43. It incorporated into Ohio's controlled substances schedules any compound, mix, or substance added by the U.S. Attorney General to the federal list. But this statute could not have included the federal temporary controlled-substances list because Congress created temporary scheduling in 1984. The Ohio General Assembly declined to amend R.C. 3719.43 after 1984 to incorporate temporary federal scheduling.

11i. Before Kremer's case, there was no Ohio case that upheld a conviction or sentence for the possession or trafficking of a controlled substance absent from the permanent schedules but present on the temporary federal controlled-substances list.

11j. Kremer's case appears to be the only Ohio case involving 25C-NBOMe.

11k. In Kremer's case, the Ohio Court of Appeals held, without analysis, that Kremer was properly convicted and sentenced because 25C-NBOMe was on the temporary federal controlled-substances list.

11l. After Kremer's direct appeal, the Ohio General Assembly enacted Sub. S.B. 229, effective 22 March 2019. That law eliminated Ohio's own controlled substance schedules, adopted the federal schedules, and required the Pharmacy Board to adopt and update the federal schedules as Ohio's schedules.

11m. Kremer's conviction and sentence were unconstitutional, and he is currently incarcerated by Ohio authorities in violation of the federal constitution.

A. 25C-NBOMe was not a controlled substance within the meaning of Ohio's possession and trafficking statutes. The State therefore failed to establish the controlled-substance element in violation of due process. *Fiore v. White*, 531 U.S. 225 (2001).

B. The Ohio General Assembly declined to amend R.C. 3719.43 to incorporate the federal temporary controlled-substances list into Ohio's list. But as a matter of first impression, the Ohio Court of Appeals unforeseeably expanded Ohio law to criminalize the possession or trafficking of a substance absent from the permanent schedules but present on the federal temporary controlled-substances list. This violated due process. *Bouie v. City of Columbia,* 378 U.S. 347 (1964).

C. Ohio lists all criminalized controlled substances at R.C. 3719.41. 25C-NBOMe was not listed. No Ohio statute criminalizes the possession or trafficking of a substance on the federal temporary controlled-substances list. The legislative notes to R.C. 3719.41 stated that Ohio did not criminalize a controlled substance on the temporary federal controlled-substances list. So the construction of Ohio law to criminalize 25C-NBOMe as a controlled substance due to its presence on the federal temporary list was void-for-vagueness under due process.

**12. The Fluoro-ABM[2] claim.**

12a. Kremer was indicted, convicted, and sentenced to prison for possessing and trafficking Fluoro-ABM.

12b. At the time of Kremer's conduct, Fluoro-ABM was not listed on the Ohio or federal controlled substances schedules or any temporary lists.

12c. Ohio's possession and trafficking statutes criminalize the possession and sale of substances on the controlled substances schedules.

12d. On direct appeal, Kremer argued his conviction was unlawful because he was convicted and sentenced for a non-offense.

12e. In its response brief, the State conceded that Fluoro-ABM was not listed on the controlled substances schedules. But it argued Ohio had criminalized Fluoro-ABM claim because a chemistry formula in the administrative code applied to Fluoro-ABM and made it a schedule I substance.

12f. The chemical formula is found at O.A.C. § 4729-11-02(B). It states that "*** any compound that meets at least three of the following pharmacophore requirements to bind at the CB1 and CB2 receptors, as identified by a report from an established forensic laboratory, is a schedule I controlled substance hallucinogen." It then lists four complicated pharmacophore requirements.

12g. Before Kremer's case, there was no Ohio case that upheld a conviction or sentence for the possession or trafficking of a controlled substance that was scheduled by chemical formula from the administrative code.

12h. Kremer's case appears to be the only Ohio case involving Fluoro-ABM.

12i. In Kremer's case, the Ohio Court of Appeals held, without analysis, that Kremer was properly convicted and sentenced because Fluoro-ABM satisfied the complex chemical formula in O.A.C. § 4729-11-02(B).

> A. Fluoro-ABM was not a controlled substance within the meaning of Ohio's possession and trafficking statutes. The State therefore failed to establish the controlled-substance

---

[2] Respondent asserts and Petitioner concedes that the correct name is Fluoro-AMB.

element in violation of due process. *Fiore v. White,* 531 U.S. 225 (2001).

B. As a matter of first impression, the Ohio Court of Appeals unforeseeably expanded Ohio law to criminalize the possession or trafficking of Fluoro-ABM under a complex administrative formula. This violated due process. *Bouie v. City of Columbia*, 378 U.S. 347 (1964).

C. Ohio lists all criminalized controlled substances at R.C. 3719.41. Fluoro-ABM was not listed. The administrative code adds a compound to schedule I under a complex administrative formula. This violated the void-for-vagueness doctrine. An ordinary person could not have applied the complex administrative formula to know that Fluoro-ABM was a schedule I substance.

(Petition, ECF No. 1, PageID 2-5.)

# Analysis

## Ground One: Conviction for Trafficking 25C-NBOMe

Kremer claims his conviction for trafficking 25C-NBOMe is unconstitutional on three alternative grounds. First he asserts 25C-NBOMe was not a controlled substance at the time he dealt in it and the State therefore failed to prove the controlled substance element of the offense. In the alternative, he asserts that the Twelfth District's expansion of the sources of lists of controlled substances to include the federal temporary list was an unexpected expansion of criminalized conduct and convicting him on that basis violated *ex post facto* principles embodied in the Fourteenth Amendment as recognized in *Bouie v. City of Columbia*, 378 U.S. 347 (1964). As a second alternative he asserts the statute under which he was convicted is void for vagueness because no Ohio statute "criminalizes the possession or trafficking of a substance on the federal

temporary controlled-substances list."

Respondent argues Ground One is procedurally defaulted because it was not fairly presented to the Twelfth District Court of Appeals as a federal constitutional issue (Return, ECF No. 11, PageID 390-92). As noted above, Kremer has filed no reply and thus has not responded to this defense.


**Lack of Trial Court Jurisdiction**


Respondent argues Kremer presented this issue to the Twelfth District solely as an issue of state law, citing only state cases and the Twelfth District considered it only as an issue of state law. *Id.*

Kremer's First Assignment of Error, viewed from a certain perspective, does present a federal issue. Even during the most restrictive periods of application of federal habeas corpus to state defendants, the Supreme Court granted relief when the state court was found to lack jurisdiction. See *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873); *Ex parte Siebold*, 100 U.S. 371 (1880).

That continues to be the law. In *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921 (10th Cir. 2008), the Tenth Circuit held:

> Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause. See, e.g., *Danforth v. Minnesota*, 128 S.Ct. 1029, 1036, 169 L. Ed. 2d 859 (2008) (recognizing that, "[o]riginally, criminal defendants whose convictions were final were entitled to federal habeas relief only if the court that rendered the judgment under which they were in custody lacked jurisdiction to do so."); *Lonchar v. Thomas*, 517 U.S. 314, 322, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996) (recognizing in a § 2254 action that "the writ has evolved into an instrument that now demands . . . conviction by a court of competent jurisdiction"); *Thomas v. Loney*, 134 U.S. 372, 376, 10 S. Ct. 584, 33 L. Ed. 949 (1890) ("The courts of Virginia having no jurisdiction

> of the matter of the charge on which the prisoner was arrested, and he being in custody, in violation of the constitution and laws of the United States, . .. he was rightly [] discharged by the circuit court on writ of habeas corpus."); *Lowery v. Estelle*, 696 F.2d 333, 337 (5th Cir. 1983) ("An absence of jurisdiction in the convicting court is . . . a basis for federal habeas corpus relief cognizable under the due process clause."); *United States ex rel. Herrington v. Mancusi*, 415 F.2d 205, 208-09 (2d Cir. 1969) ("It has long been settled that habeas corpus relief is available to a defendant convicted by a court without jurisdiction.") (citations omitted).

525 F.3d at 924.  Of course, the underlying question is whether the state court that convicted a petitioner had jurisdiction and that is a question of state law.  In his Brief on appeal, Kremer relied on the principle of Ohio law that an indictment which does not state an offense does not confer jurisdiction on the Common Pleas Court.  Thus his Issue Presented for Review under his First Assignment of Error reads:  "The court lacked subject matter jurisdiction to enter a conviction under an invalid indictment on counts that failed to state an offense by omitting a material element." (Appellant's Brief, State Court Record, ECF No. 10, Ex. 12, PageID 114.) In support he argued:

> A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter." *State v. Wozniak*, (1691) 172 Ohio St. 517, 520, 178 N.E.2d 800, citing *State v. Cimpritz*, (1953) 158 Ohio St. 490, 110 N.E.2d 416, syllabus ¶ 6.

*Id.*. at PageID 121.

The Twelfth District did not quarrel with Kremer's premise that an indictment that omits an essential element does not confer jurisdiction.  However, it held that these two indictments were sufficient because they named the schedule of controlled substances containing the drugs Kremer was charged with selling.  *Kremer*, 2018-Ohio-3339, ¶¶ 7-12, relying on *State v. Jackson*, 134 Ohio St. 3d 184 (2012).

The Twelfth District need not have accepted Kremer's premise, however, because

*Cimpritz*, the assertedly seminal precedent, has been overruled. In *Midling v. Perrini*, 14 Ohio St. 2d 106 (1968), the Ohio Supreme Court held that failure to object that an indictment does not state an offense must be raised in the trial court and cannot be raised for the first time on appeal because it does not deprive the trial court of subject matter jurisdiction. See also *State v. Cochran*, 1995 Ohio App. LEXIS 5809 (Ohio App. 2nd Dist. Dec. 29, 1995); *State v. Burkitt,* 84 Ohio App. 3d 214 (Ohio App. 2nd Dist. 1993). In *State v. Horner*, 126 Ohio St. 3d 466 (2010), the court held that

> [F]ailure to timely object to a defect in an indictment constitutes waiver of the error. Crim. R. 12(C)(2)(objections to defect in indictment must be raised before trial). Any claim of error in the indictment in such a case is limited to plain-error review on appeal. *State v. Frazier* (1995), 73 Ohio St. 3d 323; Crim. R. 52(B).

126 Ohio St. 3d at 473. Because *Cimpritz* is no longer the controlling law and the Twelfth District held these two Indictments did state offenses under Ohio law, Kremer's lack of jurisdiction claim is without merit.

**Failure to Prove an Essential Element of the Charged Crime**

From a different perspective, Kremer's challenge to his conviction for selling 25C-NBOMe can be read as a claim under *Jackson v. Virginia*, 443 U.S. 307 (1979), that the State failed to prove an element of the charge, to wit, that 25C-NBOMe was a controlled substance at the time Kremer sold it.

This alternative argument is precluded by Kremer's guilty plea. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989);

*McCarthy v. United States*, 394 U.S. 459, 466 (1969). A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner has not challenged the voluntariness of his guilty plea nor has he asserted ineffective assistance of trial counsel in advising him on the plea. This any claim under *Jackson* is forfeited by his guilty plea.


### *Ex Post Facto* Argument


Kremer also claims that the Twelfth District's decision unexpectedly expands the crime of trafficking in controlled substances and therefore violates due process, relying on adoption of *ex post facto* principles into the Fourteenth Amendment in *Bouie v. City of Columbia,* 378 U.S. 347 (1964). This claim was not presented to the Twelfth District at all; *Bouie* was not cited in Appellant's Brief. Thus the claim is procedurally defaulted for failure to exhaust it in the Ohio courts.

A petitioner can procedurally default a claim in two ways:

> First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.

> Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures. If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.

*Smith v. Warden, Toledo Corr. Inst.*, 2019 U.S. App. LEXIS 18196 * 19 (6th Cir. Jun. 18, 2019),

quoting *Lundgren v. Mitchell*, 440 F.3d 754, 806 (6th Cir. 2006)).

**Void for Vagueness Argument**

Lastly Kremer claims "the construction of Ohio law to criminalize 25C-NBOMe as a controlled substance due to its presence on the federal temporary list was void-for-vagueness under due process."

Respondent assets this claim is also procedurally defaulted because it was not fairly presented to the trial court or the Twelfth District Court of Appeals because it was raised for the first time in Appellant's Reply Brief (Return, ECF No. 11, PageID 392, et seq.) Having filed no reply, Petitioner has not responded to this argument.

Upon review the Magistrate Judge finds Respondent's defense well taken. Upon the authority cited, an issue raised for the first time in an appellate reply brief has not been presented in a way permitting the appellate court to decide it. The Twelfth District's decision gives no hint that it believed it had been presented with a void-for-vagueness claim. Accordingly, the Magistrate Judge concludes this third alternative claim in the first Ground for Relief is procedurally defaulted.

**Ground Two:  Conviction for Trafficking in Fluoro-AMB**

In support of his claim that his conviction for selling Fluoro-AMB is unconstitutional, Kremer reprises his arguments made as to his First Ground for Relief, except he does not claim the trial court lacked jurisdiction.  His Second Ground for Relief should be dismissed on the same bases as the First Ground.  That is, a claim of failure to prove an element is forfeited by his guilty plea; the ex post facto and void-for-vagueness claims are procedurally defaulted by failure to fairly present them to the Ohio courts.

**Motion to Certify**

Shortly after filing the Petition, Petitioner moved to certify a question of state law to the Ohio Supreme Court (Motion, ECF No. 3).  Respondent opposed the Motion as premature because it had not yet filed its answer (ECF No. 6).  Petitioner replied in support, asserting he should not have to wait for Respondent's answer (ECF No. 8, particularly PageID 39.)  The Motion to Certify became ripe April 20, 2020, but the Court was unable to reach it for decision until the Magistrate Judge reference was transferred to the undersigned.

For the reasons set forth above, Petitioner is not entitled to relief on his claims and in that sense the Motion to Certify is moot.  Moreover, this is not an appropriate case for certification. The Supreme Court of Ohio had an opportunity to review Petitioner's claims when he sought review of his conviction and chose not to do so.  Although Petitioner claims the law is unsettled, he does not cite any conflict between the decision of the Twelfth District in this case and other Ohio courts of appeal.  The Supreme Court of Ohio is not obliged to answer a certified question;

the fact that it chose not to consider the question on direct appeal is at least some indication that certification would be futile.

Accordingly, the Motion to Certify is DENIED.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 11, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

14