**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

VINCENT KREMER,

Petitioner, : Case No. 1:20-cv-194

- vs - District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
Southern Ohio Correctional Facility,

:

Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's "Report and Recommendations; Decision and Order Denying Motion to Certify" ("R&R/D&O," ECF No. 13). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 19).

Kremer raises five objections which will be considered here in the order in which they are presented.

**Objection One: The novel state-law issues should be certified to the Ohio Supreme Court**

Shortly after this case was filed, Petitioner moved to certify the following questions to the Supreme Court of Ohio:

> 1. Does a substance absent from the Ohio or federal controlled substances schedules, but present on the federal temporary

> schedule, satisfy the definition of controlled substance under R.C. 3719.01(C) to constitute an Ohio offense in R.C. Chapter 2925.?
>
> 2. Does a substance absent from all controlled substances schedules, but satisfying the complex chemical formula from O.A.C. § 4729-11-02(B), fulfil the definition of controlled substance under R.C. 3719.01(A) to constitute an Ohio offense in R.C. Chapter 2925.?

(Motion to Certify, ECF No. 3, PageID 19). Opposed by Respondent, the Motion remained pending when the Magistrate Judge reference in the case was transferred to the undersigned, who denied the Motion in the same document that recommended dismissal of the Petition (R&R/D&O, ECF No. 13).

Magistrate Judge decisions of non-dispositive pre-trial motions are subject to objections filed with the assigned District Judge on the same timetable as objections to recommendations on dispositive matters: fourteen days after service of the Order or R&R. *Compare* Fed.R.Civ.P. 72(a), (b)(2). Because of extensions of time (ECF Nos. 14, 15, 16, and 17), Petitioner's combined objections are timely. However, they are subject to different standards of review. A Magistrate Judge's decision of a non-dispositive pre-trial matter is to be reversed only if it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). On the other hand, a litigant is entitled to *de novo* review of any portion of a report and recommendation to which substantial objection is made. Fed.R.Civ.P. 72(b)(3).

The Objections treat the Magistrate Judge's ruling on the certification motion as a recommendation (ECF No. 18, PageID 431). However, the undersigned did not make a recommendation on that motion, but decided it. (R&R/D&O ECF No. 13, PageID 425-26). The Objections nowhere question the propriety of characterizing the Motion to Certify as a non-dispositive pretrial matter, which an assigned Magistrate Judge is authorized to decide in the first

instance. 28 U.S.C. § 636(b)(1)(A).

Litigants do not have the right to have questions of state law certified from this Court to the Supreme Court of Ohio, nor is the Supreme Court of Ohio obliged to answer the certified question. Rather the practice for certification is spelled out in Ohio Supreme Court Practice Rule 9. It is modeled on the Uniform Certification of Questions of Law Act promulgated by the Commissioners on Uniform State Laws. Its adoption in Ohio as a Supreme Court Rule of Practice is the result of collaboration between District Judge Walter Rice of this Court and the late Thomas Moyer when he was Chief Justice of Ohio. The Rule is designed to avoid the cumbersome practice under *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496 (1941), in which a federal court would abstain from exercising jurisdiction until state court litigation had been commenced and completed through appeal to obtain an answer to a controlling state law question. *See* Rebecca A. Cochran *Federal Court Certification of Questions of State Law to State Courts: A Theoretical and Empirical Study*, J. OF LEG., Vol. 29: Iss. 2, Art. 1 at 160 (2013).[1]

The undersigned denied the certification motion because he had recommended dismissing the Petition (which would make the Motion moot) and because the Supreme Court of Ohio had declined to consider the same questions when Kremer sought direct review (R&R/D&O, ECF No. 13, PageID 425-26).

Kremer objects that because his case is unique – the only prosecution in Ohio thus far for the substances he was convicted of trafficking – this Court cannot decide this case without an answer from the Supreme Court of Ohio to his proposed state law questions. He argues:

> Kremer's federal constitutional claims turn on whether the Ohio legislature criminalized the possession and trafficking of 25C-NBOMe and Fluoro-AMB at the time of his acts. If prosecuted and incarcerated for non-offenses, Kremer's custody is unconstitutional,

[1] Professor Cochran's article is an empirical study of how certification has actually worked in Ohio. She is quite skeptical that it has achieved the results that were hoped for.

> and he is entitled to the writ. But if the Ohio legislature criminalized these substances at the time of his acts, Kremer lacks a federal claim.

(Objections, ECF No. 18, PageID 431). The Magistrate Judge agrees that if the two substances in question had not been made controlled substances by Ohio positive law at the time of Kremer's conduct, then his convictions for trafficking those substances are unconstitutional. But Kremer's further argument that the answer to those questions must come from the Supreme Court of Ohio is flawed. Federal courts themselves are authorized to decide questions of state law that arise in the exercise of their habeas jurisdiction[2].

More to the point, however, the Twelfth District Court of Appeals has already decided these questions of Ohio law on direct appeal in this very case:

> {¶ 10} Kremer challenges counts one, two, three, and six in Case No. 16CR31735 and counts five and six in Case No. 16CR32152 arguing the respective drugs, *i.e.*, 25CNBOMe and Fluoro-AMB, were not Schedule I controlled substances at the time of his arrest.
>
> {¶ 11} However, following review, we find Kremer's argument is without merit. In the first indictment, the state stated that Kremer trafficked and possessed "25C-NBOMe, a Schedule I controlled substance." Likewise, the second indictment stated that Kremer possessed and trafficked "Fluoro-AMB, a schedule I controlled substance." As a result, the challenged counts in Kremer's indictments properly identified the schedule of the drug. Therefore, the indictments satisfy *Jackson* for purposes of identifying the drug offense. Kremer's claim otherwise lacks merit.
>
> {¶ 12} In reaching this decision, we also disagree with Kremer's contention that forms the basis of this assignment of error. Though he claims otherwise, 25C-NBOMe and Fluoro-AMB were both Schedule I controlled substances at the time of his arrest. 21 C.F.R. 1308.11(h)(5); Ohio Adm.Code 4729-11-02(B). Finally, we note the well-established law that "by pleading guilty, a defendant admits to committing the offense as charged." *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575. Simply stated, a guilty plea is a complete admission of the defendant's guilt, and also

[2] And not just habeas. Diversity of citizenship jurisdiction, which dates back to the Judiciary Act of 1789, 1 Stat. 73, routinely requires us to decide questions of state law. 28 U.S.C. § 1332.

> waives "any deficiency in the indictment." *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73, 844 N.E.2d 307. Kremer's claim otherwise lacks merit. Therefore, finding no merit to Kremer's claims raised herein, Kremer's first assignment of error is overruled.

*State v. Kremer*, 2018-Ohio-3339 (12the Dist. Aug. 20, 2018), *appeal not allowed at* 154 Ohio St. 3d 1520 (2019). This Court is, of course, bound by the appellate court's decisions of these questions of Ohio law. *Bradshaw v. Richey*, 546 U.S. 74 (2005). If the Supreme Court of Ohio gave a different answer, we would not be obliged to accept the Twelfth District's answer.[3]

The answer the Twelfth District gave is, however, not the answer Kremer wants. Quite appropriately he asked the Supreme Court of Ohio to take jurisdiction of this case and find these two substances were not controlled substances. He argued to that court:

> **Proposition of Law No. 1**: It is a criminal offense to possess or sell a drug that is placed on the controlled-substances list by the General Assembly under R.C. 2719.41, placed on the permanent federal list by the DEA under R.C.2719.43, or placed on the Ohio list by the Board of Pharmacy after notice and publication under R.C. 3719.44(A)(1).

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 10, Ex. 19, PageID 242). Thus, the Supreme Court of Ohio had before it the question of state law that Kremer argues is unsettled and Kremer's arguments about why this was an important case and involved a substantial question of constitutional law. *Id.* at PageID 243-45. Presented with those arguments, the Supreme Court of Ohio declined to exercise appellate jurisdiction with the form entry it routinely uses to decline jurisdiction of felony appeals (Entry, State Court Record, ECF No. 10, Ex. 21, PageID 266). There is no good reason to delay resolution of this case in the hope the Ohio Supreme Court would change its mind.

In denying the Motion to Certify, the Magistrate Judge found certifying the questions

[3] This statement presumes for the sake of argument that a state supreme court answer to a certified question would supplant a lower court decision in a case for purposes of *Bradshaw*.

Kremer wanted certified would likely be futile in light of the Supreme Court's rejection of appellate jurisdiction to answer the same questions. Kremer's Objections do not show that the denial was clearly erroneous or contrary to law.

Given that the question whether to certify is a matter of discretion, Kremer has also not shown the denial was an abuse of discretion. When a magistrate judge in deciding a nondispositive matter is exercising the discretion granted the court under either statute or rules, review is for abuse of discretion. *See, e.g., Doe v. Marsh*, 899 F. Supp. 933, 934, 935-36 (N.D.N.Y. 1995); *Snowden By and Through Victor v. Connaught Laboratories*, 136 F.R.D. 694, 697 (D. Kan. 1991).

Kremer's Objection to denial of certification should be OVERRULED.

**Objection Two: Kremer's guilty plea is no waiver of his constitutional claims**

The R&R/D&O alternatively construed Kremer's Petition as claiming that the State had failed to prove an essential element of the crime of trafficking in controlled substances because it had not proved "25C-NBOMe was a controlled substance at the time Kremer sold it." (ECF No. 13, PageID 422). The Magistrate Judge found this claim was precluded by Kremer's guilty plea. *Id.* at PageID 422-23.

Kremer objects that "a guilty plea does not waive a challenge to the constitutionality of a criminal statute from the indictment (Objections, ECF No. 18, PageID 432, citing *Class v. United States*, 583 U.S. ___, 138 S.Ct. 798 (2018); and *State v. Wilson*, 58 Ohio St.2d 52 (1979)). Rodney Class was prosecuted for having a firearm in a locked vehicle parked on the United States Capitol grounds, conduct expressly prohibited by 40 U.S.C. §5104(e)(1). He challenged his conviction on the grounds that his conduct was protected by the Second Amendment, *i.e.*, that it was conduct that Congress could not constitutionally make criminal. He pleaded guilty, then sought to raise

his Second Amendment claim on appeal. In its opinion in *Class*, the Court adhered to a distinction in American jurisprudence it traced back 150 years between constitutional claims forfeited by a guilty plea (*e.g.*, the right to confront one's accusers or the right to insist on proof of facts beyond a reasonable doubt) and a claim that the State or Congress lacked the constitutional authority to punish the conduct in question. 138 S.Ct. at 803-04. Because Class's claim was of the second variety, it was not forfeited by his guilty plea. *Id*. at 804-05.

Kremer's constitutional claim is critically different. He does not claim that Ohio **cannot** constitutionally punish trafficking in 25C-NBOMe or Fluoro-AMB, but that it **has not** done so. That is, he asserts that Ohio has not made these two drugs to be controlled substances, not that it cannot do so. The distinction is critical, because in pleading guilty Kremer admitted the facts charged in the Indictment, which include the fact that each of these substances is a controlled substance (*See, e.g.*, Count I of the Indictment, State Court Record, ECF No. 10, Ex. 1, PageID 64). This is precisely the sort of factual admission which cannot later be clothed as a *Jackson v. Virginia*, 443 U.S. 307 (1979), constitutional claim of lack of proof of an element.

By pleading guilty, Kremer admitted guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). While that left him free to attack the constitutionality of Ohio's controlled substances laws as beyond the power of the State to punish, he has not done so.

**Objection Three: The Ohio Court of Appeals decided the merits of Kremer's claim—so procedural bar is inapplicable**

In his Petition, Kremer claimed the Twelfth District violated his Due Process rights by unexpectedly expanding the conduct punishable under the controlled substances statutes (Petition,

ECF No. 1, PageID 4, relying on *Bouie v. City of Columbia*, 378 U.S. 347 (1964)). The R&R/D&O found this claim was procedurally defaulted because it had never been presented to the Twelfth District on direct appeal (ECF No. 13, PageID 423-24).

Kremer objects that there is no procedural default because the Twelfth District decided this claim on the merits (Objections, ECF No. 18, PageID 433-34). However, he points to no place in the Twelfth District's decision where it discussed this *ex post facto* claim or purported to decide it. And he does not contradict the Magistrate Judge's finding that he never cited *Bouie* in his brief to the Twelfth District.

Instead, Kremer relies on *State v. Henderson*, 2020-Ohio-4784, in which he says the Supreme Court of Ohio held that procedural bar is inapplicable when the trial court lacks subject-matter jurisdiction (Objections, ECF No. 18, PageID 433-34). There was no majority opinion in *Henderson*; only Justices Fischer and DeWine concurred with Justice French; three justices concurred in the judgment only, and Justice Donnelly concurred separately, declining to join Justice French's opinion, which attempted to clarify the Ohio distinction between void and voidable judgments:

> **Our void-versus-voidable jurisprudence**
>
> {¶ 16} This court has long recognized the finality of a decision rendered by a court that had both subject-matter jurisdiction over the case and personal jurisdiction over the parties. See *Sheldon's Lessee v. Newton*, 3 Ohio St. 494 (1854). If the court had jurisdiction, it was "altogether immaterial how grossly irregular, or manifestly erroneous, its proceedings may have been"; its final order could not be regarded as a nullity and could not be collaterally attacked. *Id*. at 498. A judgment was void only if the court proceeded without jurisdiction. *Id.* at 498-499. This concept applied equally to errors made in criminal sentencing. See *Ex parte Shaw*, 7 Ohio St. 81 (1857). If the court pronouncing the sentence had jurisdiction to do so, a sentence imposed in excess of that permitted by law was "erroneous and voidable, but not absolutely void." *Ex parte Van Hagan*, 25 Ohio St. 426, 432 (1874); accord *Ex parte Allen*, 91 Ohio

> St. 315, 326, 110 N.E. 535, 12 Ohio L. Rep. 556 (1915). Plainly, a sentencing error was never considered a jurisdictional error. See *In re Winslow*, 91 Ohio St. 328, 330, 110 N.E. 539, 12 Ohio L. Rep. 558 (1915).
>
> {¶ 17} In *Tari v. State*, 117 Ohio St. 481, 5 Ohio Law Abs. 830, 159 N.E. 594 (1927), we explained the difference between a void judgment and a voidable judgment and the rationale behind the distinction. The question simply turns on whether the court had jurisdiction over the subject matter and the person. *Id*. at 492. A void judgment is rendered by a court without jurisdiction. It is a mere nullity and can be disregarded. It can be attacked in collateral proceedings. *Id*. at 494. A voidable judgment is one pronounced by a court with jurisdiction. The Tari court reiterated that unless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong. *Id*. The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection. *Id*. at 495.

*Henderson*, 2020-Ohio-4874.

Every federal judge who adjudicates habeas corpus cases arising in Ohio would be delighted to have clarity from the Supreme Court of Ohio on this void versus voidable question because it bedevils our application of the second-or-successive doctrine in 28 U.S.C. § 2244. *Magwood v. Patterson*, 561 U.S. 320 (2010); *In re Stansell*, 828 F.3d 412 (6th Cir. 2016); *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015); *In re: Javalen Wolfe*, No. 17-3354, 2018 U.S. App. LEXIS 3206 (6th Cir. Feb. 9, 2018).

However, that question is not presented in this case. However unclear the void/voidable distinction in Ohio law, the Supreme Court of Ohio has refused to go back to the old doctrine on which Kremer relies, to wit, that an indictment that does not charge an offense also does not confer subject matter jurisdiction on the Court of Common Pleas. That was the doctrine of *State v. Cimpritz*, 158 Ohio St. 490, 490-91 (1953), paragraph six of the syllabus. However, in *Midling v. Perrini*, 14 Ohio St. 2d 106, 107-08 (1968), the Supreme Court of Ohio held that failure to object

that an indictment does not state an offense must be raised in the trial court and cannot be raised for the first time on appeal because it *does not* deprive the trial court of subject matter jurisdiction. See also *State v. Cochran*, No. 94-CA-80, 1995 Ohio App. LEXIS 5809 (Ohio App. 2nd Dist. Dec. 29, 1995); *State v. Burkitt*, 84 Ohio App. 3d 214 (Ohio App. 2nd Dist. 1993). *A fortiori*, it cannot be raised in a collateral attack on the judgment.

The Objections argue that the Magistrate Judge's reliance on *Midling* is misplaced:

> The magistrate judge stated the non-jurisdiction rule for non-offenses was overruled by *Midling v. Perrini*, 14 Ohio St.2d 106 (1968). [Doc. 13, report and recommendation, PAGEID422.] It was not. The *Midling* court instead restricted non-jurisdiction claims to direct appeal—precluding them on state collateral review. *Id*. [at] 107. Kremer complied with *Midling* by arguing non-jurisdiction for non-offenses in his direct appeal.

(ECF No. 18, PageID 434, n.4). This was indeed Kremer's first issue presented on his First Assignment of Error (Appellant's Brief, State Court Record, ECF No. 10, Ex. 12, PageID 114). And the Twelfth District did decide that claim on the merits, holding that the trial court did have subject matter jurisdiction. *Kremer*, 2018-Ohio-3339, ¶ 7. But the Twelfth District was nowhere presented with nor did it decide Kremer's *ex post facto* claim under *Bouie*.

**Objection Four: A COA should issue because reasonable jurists could conclude that Ohio had not criminalized 25C-NBOMe and Fluoro-AMB, neither waiver nor default applies, and Kremer's prosecution and incarceration for non-offenses is unconstitutional.**

In his Fourth Objection, Kremer argues that a certificate of appealability should be issued because reasonable jurists could conclude Ohio had not made 25C-NBOMe and Fluoro-AMB controlled substances (ECF No. 18, PageID 434).

Whether those substances are controlled substances under Ohio law is entirely a state law question. Kremer points to no "reasonable jurist" who has held or opined that they are not. Apparently,

the only judges who have opined on the question are the judges of the panel of the Twelfth District who decided this case, and they were unanimous. The question on issuance of a certificate of appealability is not whether some underlying proposition of law is debatable, but whether this Court's decision would be debatable among reasonable jurists.

To obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004), quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.
>
> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson*, 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood

> of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States*, 958 F.3d 485, 493 (6th Cir. 2020).

Kremer has not persuaded the Magistrate Judge that, if the Court adopted the Report and dismissed the case, reasonable jurists would disagree. If the Magistrate Judge is wrong on that point, the Sixth Circuit will consider the question *de novo* and hear the case.

**Objection Five: Recommittal is unnecessary and undesired**

In his Fifth Objection, Kremer asks that the Court not recommit this matter to the Magistrate Judge because "[r]ecommittal leads to delay, relearning the case many months later, and additional fees that Kremer cannot afford." (Objections, ECF No. 18, PageID 435). The Objection is moot because the District Judge has already recommitted the matter, which is plainly within his discretionary authority under Fed.R.Civ.P. 72(b)(3). However, the concern about delay and expense seems inconsistent with the request to certify questions to the Supreme Court of Ohio which would undoubtedly entail delay and additional fees unless counsel proposes to conduct that litigation *pro bono*.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a

certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 29, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.