**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

VINCENT KREMER,

Petitioner, : Case No. 1:20-cv-194

- vs - District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
Southern Ohio Correctional Facility,

:

Respondent.

---

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 26) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 20). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 27).

Kremer raises four objections which will be considered here in the order in which they are presented.

**Objection One: Standard of Review of Magistrate Judge Decision**

Shortly after this case was filed, Petitioner moved to certify the following questions to the Supreme Court of Ohio:

1. Does a substance absent from the Ohio or federal controlled substances schedules, but present on the federal temporary schedule, satisfy the definition of controlled substance under

> R.C. 3719.01(C) to constitute an Ohio offense in R.C. Chapter 2925.?
>
> 2. Does a substance absent from all controlled substances schedules, but satisfying the complex chemical formula from O.A.C. § 4729-11-02(B), fulfil the definition of controlled substance under R.C. 3719.01(A) to constitute an Ohio offense in R.C. Chapter 2925.?

(Motion to Certify, ECF No. 3, PageID 19). The Magistrate Judge treated the Motion to Certify as a non-dispositive pretrial motion on which he had authority to rule in the first instance under Fed.R.Civ.P. 72(a), subject to appeal to District Judge Barrett (R&R/D&O, ECF No. 13).

Petitioner objects that a motion to certify to the Ohio Supreme Court is not a non-dispositive motion under 28 U.S.C. § 636(b)(1)(A) on which a Magistrate Judge can rule in the first instance, but rather a dispositive motion under § 636(b)(1)(B) on which a Magistrate Judge must make a recommended disposition (Objections, ECF No. 26, PageID 462). His reasoning is that if this Court certified the questions he proposes, that would "dispose" of them:

> The magistrate-court[1] conceded that Kremer's detention was unconstitutional if imposed for non-offenses, and it was the Ohio Supreme Court's province to say if 25C-NBOMe and Fluoro-AMB were criminalized despite their absence from the controlled-substances statute. So, by definition, the certification motion would dispose of Kremer's non-offense claim.

*Id.*

This argument misstates the effect of certifying a question to the Supreme Court of Ohio. Granting a motion to certify does not transfer the case to the Ohio court. Instead, it merely asks that court to answer a question that is material to a case in federal court. Thus granting a motion

[1] Petitioner uses this expression "magistrate-court" throughout his Objections. There is no such entity. Magistrate Judges sit as subordinate judges in District Courts with some jurisdiction conferred by statute (petty offenses, search warrants, etc.) and some only by referral from District Judges. It is common to refer whole cases and even whole categories of cases, as this Court has done at each seat of court. But final decisions in all civil cases remains with a District Judge unless there is unanimous consent to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

to certify does not "dispose" of any claim in the federal case. And the Ohio court's answer to the question is not a "judgment" that automatically decides the federal case. Thus a motion to certify is distinct, for example, from a motion to remand a removed case to a state trial court. Because a remand removes the entire case from federal court, it is treated as a dispositive matter. *Vogel v. U.S. Office Products Company*, 258 F.3d 509, 514 (6th Cir. 2001).

Petitioner also asserts it was an abuse of discretion for the Magistrate Judge to deny certification because the Magistrate Judge applied the wrong legal standard. He claims "[t]he correct certification standard asks if the state-law question is novel or unsettled and would determine the federal case." It is true that a certified question must meet that standard – it must be unsettled and potentially determinative. But that is only part of the governing law. There is no rule of federal practice that gives a federal litigant the right to certification if his proposed questions meet that standard. Indeed, many cases in federal court raise questions of state law, particularly in diversity of citizenship cases. Many of those questions may be thought to be unsettled in the sense that there is no binding Ohio Supreme Court precedent directly in point, but no court has ever held that a litigant has a right to have such questions certified. To turn the availability of certification into a right would destroy the ability of District Courts to manage their dockets by giving litigants, particularly defendants, the ability to halt civil cases in their tracks. And of course the Supreme Court of Ohio has complete discretion about whether to accept a certified question or not.

The Magistrate Judge decided against certification because the Supreme Court of Ohio had an opportunity to decide whether the drugs Kremer was convicted of trafficking were among controlled substances under Ohio law in the ordinary course of appeal and decided not to accept appellate jurisdiction. If the District Judge agrees that the Court has discretion whether or not to certify these questions, he can of course decide for himself whether it was an abuse of discretion not to grant the certification motion.

**Objection Two: Kremer Did Not Waive His Non-Offense Claim by Pleading Guilty**

In his First Ground for Relief, Kremer claims his conviction for trafficking 25C-NBOMe is unconstitutional because that drug is not a controlled substance. The original Report found this claim was waived because in the course of pleading guilty, Kremer admitted it was a controlled substance (ECF No. 13, PageID 422-23). Kremer objects that the First District decided this claim on the merits and did not enforce the waiver by guilty plea (Objections, ECF No. 26, PageID 463). Not so. The Court of Appeals held:

> Finally, we note the well-established law that "by pleading guilty, a defendant admits to committing the offense as charged." *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575 . Simply stated, a guilty plea is a complete admission of the defendant's guilt, and also waives "any deficiency in the indictment." *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73.

*State v. Kremer*, 2018-Ohio-3339, ¶ 12 (Ohio App. 12th Dist. Aug. 20, 2018).

Alternatively Kremer argues that "Ohio law forbids waiver of a non-offense claim" (Objections, ECF No. 26, PageID 463, citing *State v. Cimpritz*, 158 Ohio St. 490 (1953). The *Cimpritz* court held a judgment of conviction based on an indictment which does not charge an offense is, under Ohio law, void for lack of jurisdiction of the subject matter. However, in *Midling v. Perrini*, 14 Ohio St. 2d 106 (1968), also cited by Kremer, the Ohio Supreme Court held that failure to object that an indictment does not state an offense must be raised in the trial court and cannot be raised for the first time on appeal because it does not deprive the trial court of subject matter jurisdiction. See also *State v. Cochran*, 1995 Ohio App. LEXIS 5809 (Ohio App. 2nd Dist. Dec. 29, 1995); *State v. Burkitt*, 84 Ohio App. 3d 214 (Ohio App. 2nd Dist. 1993). Kreme concludes "[s]o the magistrate-court erred by defaulting Kremer's non-offense claim where Ohio law forbids the

waiver of a jurisdictional, non-offense claim presented on direct review." (Objections, ECF No. 26, PageID 464). But that is not what the Report and Supplemental Report recommend. Instead, the Magistrate Judge followed the Twelfth District Court of Appeals in holding that that part of Kremer's "non-offense" claim that relies on the factual assertion that the drugs he trafficked are not controlled substances is waived [not defaulted] by his guilty plea admission that they are controlled substances.

The third prong of Kremer's second objection asserts that a guilty plea does not waive the right to challenge the constitutionality of the underlying statute (Objections, ECF No. 26, PageID 464, citing *State v. Wilson*, 58 Ohio St.2d 52 (1979), ¶1 of the syllabus, and *Class v. United States*, 583 U.S. __, 138 S.Ct. 798 (2018)). The *Wilson* court emphasized the difference between admitting factual guilt and attacking the constitutionality of the underlying statute; *Class*[2] is to the same effect. But as the Supplemental Report notes, Kremer is not challenging the constitutionality of the trafficking statute in general and is not claiming the General Assembly cannot make these drugs controlled substances, but merely that it has not done so. That is the argument Kremer waived by admitting that what he trafficked was a controlled substance.

**Objection Three: Other Constitutionality Arguments**

As part of Ground One, Kremer argued his conviction violated the Ex Post Facto Clause as interpreted in *Bouie v. City of Columbia*, 378 U.S. 347 (1964). He now concedes this claim is barred by his failure to raise it in the state courts (Objections, ECF No. 26, PageID 465).

However, he asserts, other constitutional issues are raised by the Petition that the Magistrate Judge did not address. "He argued prosecution for non-offenses was unconstitutional.

---

[2] Class admitted that he was carrying a firearm on United States Capitol grounds and that the statute under which he was charged penalized that conduct, but asserted Congress could not penalize that conduct, given the Second Amendment.

[Id.] And he argued the Ohio statutes were unconstitutional for their vagueness in criminalizing 25C-NBOMe and Fluoro-AMB. [Id.] The magistrate-court errs by only addressing the *Bouie* claim, not the other constitutional arguments. [Doc. 20, passim.]" (ECF No. 26, PageID 465).

In response the Magistrate Judge would note that the void for vagueness claim was addressed and found to be procedurally defaulted (Report, ECF No. 13, PageID 424).

As to the non-offense claim, the Report states "[t]he Magistrate Judge agrees that if the two substances in question had not been made controlled substances by Ohio positive law at the time of Kremer's conduct, then his convictions for trafficking those substances are unconstitutional." This is consistent with the well-settled principle that there are no common law crimes in Ohio. *Mitchell v. State*, 42 Ohio St. 383 (1884), *citing Key v. Vattier*, 1 Ohio 132, 144 (1823); *Winn v. State,* 10 Ohio 345 (1841); *Vanvalkenburgh v. State*, 11 Ohio 404 (1842); *Allen v. State,* 10 Ohio St. 287, 301(1859); *Smith v. State*, 12 Ohio St. 466, 469 (1861); *Knapp v. Thomas*, 39 Ohio St. 377, 385 (1883). But the Twelfth District Court of Appeals did not create the crime of trafficking in controlled substances and it found that the two drugs involved here had been made controlled substances in one of the positive law ways that is authorized to be done in Ohio.

**Objection Four: Certificate of Appealability**

The Report and Supplemental Report recommend that the Court not issue a certificate of appealability. Kremer now concedes "[i]f the court overrules certification, Kremer concedes a COA should not issue." (Objections, ECF No. 26, PageID 465). The Magistrate Judge agrees.

**Conclusion**

Based on the foregoing analysis, Kremer's Objections to the Report and to the Supplemental

Report should be overruled and this case dismissed with prejudice.

February 26, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #