UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Vincent Kremer, ) | |
| ) | |
| Petitioner, ) | Case No. 1:20-cv-00194 |
| ) | |
| vs. ) | Judge Michael R. Barrett |
| ) | |
| Warden, Ronald Erdos, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's Order denying Petitioner's Motion to Certify State-Law Questions to the Ohio Supreme Court and Report and Recommendation ("R&R"), Supplemental R&R, and Second Supplemental R&R, each recommending that the Court dismiss the Petition for Writ of Habeas Corpus with prejudice. (Docs. 13, 20, 28).[1] Petitioner filed timely objections. (Docs. 18, 26, 34). Respondent did not respond to any of Petitioner's objections, and the time to do so has passed.

In short,[2] this matter arises out of Petitioner's habeas action brought pursuant to 28 U.S.C. § 2254 to obtain relief from his guilty-pleas-based convictions and sentences to

---

[1] The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Recently, though, the Sixth Circuit clarified that failure to object is not a waiver, but instead a *forfeiture*. *Berkshire v. Dahl*, 920 F.3d 520, 530 (6th Cir. 2019) ("Although our cases often use the terms interchangeably, '[w]aiver is different from forfeiture.' Waiver is affirmative and intentional, whereas forfeiture is a more passive 'failure to make the timely assertion of a right[.]'" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))).

[2] The Magistrate Judge adequately summarized the factual and procedural background of this case in the R&R, Supplemental R&R, and Second Supplemental R&R, and the Court will not repeat the same herein unless necessary to respond to Petitioner's objections.

a 10-year term of imprisonment for trafficking and possessing 25C-NBOMe[3] and a 1-year term of imprisonment for trafficking and possessing Fluoro-AMB.[4] (Doc. 1).[5] Petitioner's case appears to be the only Ohio case involving 25C-NBOMe, and also the only Ohio case involving Fluoro-AMB. Similarly, before Petitioner's case, there was no Ohio case that upheld a conviction or sentence for the possession or trafficking of a controlled substance that was absent from the permanent schedules but present on the temporary federal controlled-substances list, and there was no Ohio case that upheld a conviction or sentence for the possession or trafficking of a controlled substance that was scheduled by chemical formula from the administrative code. Petitioner argues that, at the time of his arrests, trafficking and possessing 25C-NBOMe and Fluoro-AMB were not crimes in Ohio and his convictions and sentences for trafficking and possessing those two substances arise from non-offenses and are thus unconstitutional. (Doc. 1); *see* (Doc. 18 PageID 433 n.2). Petitioner argues that the trial court lacked subject-matter jurisdiction to hear, adjudicate, and issue a judgment entry of conviction for non-offenses. (Doc. 18 PageID 433-34); *see* (*id.* PageID 434 n.4).

"Generally, a voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (internal quotation marks omitted). "Thus, after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and

---

[3] 25C-NBOMe is a designer psychedelic drug. *Mikowski v. State*, No. 1214 Sept. Term 2014, 2016 WL 4076191, at *1 (Md. Ct. Spec. App. Aug. 1, 2016).

[4] Fluoro-AMB is a synthetic cannabinoid. *Cf. Rafiq v. United States*, No. 4:16-CR-243-O(3), 2020 WL 7009640, at *2 (N.D. Tex. Nov. 9, 2020).

[5] Petitioner is serving those terms concurrently. (Doc. 10 Exhibit 23).

2

intelligent character of the plea itself."[6] *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012); *accord Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Three U.S. Supreme Court decisions identify the types of challenges to the court's jurisdiction that a criminal defendant can raise even if that defendant entered a valid guilty plea under *Tollett*:

> [A] person may, despite a valid guilty plea, pursue a certain type of claim that has been variously defined as a claim that attacks "the State's power to bring any indictment at all," *United States v. Broce*, 488 U.S. 563, 575, 109 S.Ct. 757, 765, 102 L.Ed.2d 927 (1989), that protects a defendant's "right not to be haled into court," *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S.Ct. 2098, 2104, 40 L.Ed.2d 628 (1974), and that "the charge is one which the State may not constitutionally prosecute," *Menna v. New York*, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) (per curiam). We have often interpreted these Supreme Court cases to foreclose claims that raise "nonjurisdictional" issues and to permit only claims that question the trial court's "jurisdiction."

*Woodring v. McKee*, No. 1:09-CV-1106, 2013 WL 1309641, at *7 (W.D. Mich. Feb. 19, 2013), *report and recommendation approved*, No. 1:09-CV-1106, 2013 WL 1294134 (W.D. Mich. Mar. 28, 2013) (quoting *United States v. Seay*, 620 F.3d 919, 921 (8th Cir. 2010)).

Petitioner does not expressly reply to Respondent's argument that an exception to the *Tollett* waiver rule is not present in this case. (Doc. 11 PageID 394-97). Petitioner, though, argues that "a guilty plea does not waive a challenge to the constitutionality of a criminal statute from the indictment." (Doc. 18 PageID 432). Petitioner's brief argument fails to explain why his non-offenses arguments are the types of jurisdictional challenges that survive his valid guilty pleas under *Broce*, *Menna*, or *Blackledge*. Without more, the Court

---

[6] Petitioner does not challenge the voluntary and intelligent character of his plea.

is not convinced that Petitioner's non-offenses arguments constitute jurisdictional challenges that are permitted under the limited exceptions to *Tollett*. The Court agrees with the Magistrate Judge and holds that waiver applies.

After a review of the filings related to Petitioner's Motion to Certify State-Law Questions to the Ohio Supreme Court, the factual findings in the Magistrate Judge's Order denying the Motion to Certify are not clearly erroneous and the legal conclusions therein are not contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). Petitioner's objections do not persuade the Court otherwise. Similarly, and after a de novo review of the filings and remaining arguments related to the R&R, Supplemental R&R, and Second Supplemental R&R regarding the Petition for Writ of Habeas Corpus, the Court finds that the Magistrate Judge adequately addressed the parties' arguments and correctly determined that the Petition should be dismissed with prejudice. S*ee* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(3). Nevertheless, the Court is persuaded that reasonable jurists could debate whether the Court properly dismissed Petitioner's claims as waived, and will grant, in part, Petitioner's request for a certificate of appealability. *See* 28 U.S.C. § 2253(c). The Court will thus certify the limited question of whether Petitioner's non-offenses arguments constitute jurisdictional challenges that are permitted under the limited exceptions to *Tollett*.

In light of the above, the Court **ADOPTS** the R&R, Supplemental R&R, and Second Supplemental R&R (Docs. 13, 20, 28) **EXCEPT AS TO** the issuance of a certificate of appealability and permission to proceed *in forma pauperis* on appeal. Accordingly, it is hereby **ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**. However, the Court **GRANTS** a certificate of appealability as detailed

4

herein; and Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. Finally, the Clerk shall **CLOSE and TERMINATE** this matter from the active docket of this Court.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court